FILED IN CHAMBERS
U S D C   Atlanta

MAY 27 2008

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| SHANNON DEWAYNE CASEY, INMATE NO. 26583001, <br> Plaintiff, <br><br> v. <br><br> UNITED STATES MARSHAL'S SERVICE and WENDELL K. BANKS, <br> Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | PRISONER CIVIL RIGHTS <br> 28 U.S.C. § 1331 <br><br> CIVIL ACTION NO. <br> 1:08-CV-1558-RWS |

## ORDER AND OPINION

Plaintiff, currently confined at the Robert A. Deyton Detention Facility in Lovejoy, Georgia, has submitted the instant pro se civil rights action. The matter is presently before this Court for a 28 U.S.C. § 1915A frivolity determination.

I.   The Standard of Review

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to screen "as soon as practicable" a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is either: (1) "frivolous, malicious, or fails to state a claim upon which relief may be

AO 72A
(Rev 8/82)

granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

In <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), the Supreme Court held that the violation of a person's constitutional rights by a federal official may give rise to an action for damages in federal court, brought pursuant to 28 U.S.C. § 1331. "Because of the similarity in the causes of action, . . . [courts] 'generally apply § 1983 law to <u>Bivens</u> cases.'" <u>Wilson v. Blankenship</u>, 163 F.3d 1284, 1288 (11th Cir. 1998) (quoting <u>Abella v. Rubino</u>, 63 F.3d 1063, 1065 (11th Cir. 1995) (per curiam)).

In order to state a claim for relief under <u>Bivens</u> or 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." <u>Hale v. Tallapoosa County</u>, 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by a person acting under color of law. <u>Id.</u> If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal, pursuant to 28 U.S.C. § 1915A. See <u>Bell Atlantic Corp. v. Twombly</u>, __ U.S. __, 127 S. Ct. 1955, 1974

(2007) (more than merely "conceivable," the "complaint must be dismissed" when a plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face"); Papasan v. Allain, 478 U.S. 265, 286 (1986) (the court accepts as true the plaintiff's factual contentions, not his or her legal conclusions that are couched as factual allegations); Bolin v. Story, 225 F.3d 1234, 1243 (11th Cir. 2000) (district court correctly dismissed § 1983 claims for failure to assert any specific misconduct against IRS agent); Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992) (the court cannot read into a complaint non-alleged facts).

II.  Discussion

Plaintiff states that on March 10, 2008, his father passed away. (Doc. 1 at ¶ IV). Plaintiff alleges that his family attempted to find out where he was being held, but Defendant United States Marshal's Service refused to provide them with this information. (Id.). Consequently, according to Plaintiff, he was unable to attend his father's funeral. (Id.).

Plaintiff states that he learned of his father's death on March 17, 2008, when he was permitted to have a one minute telephone call with his girlfriend. (Id.). Plaintiff allegedly made several "verbal requests to see who could help . .

3

. [him] contact his family." (Id.). The chaplain at the detention center allegedly informed Plaintiff that "it would not be possible for . . . [him] to speak with . . . [his] family." (Id.). However, Plaintiff states that he was eventually permitted to speak with his family by telephone for five minutes. (Id.). Plaintiff seeks "punitive damages" in the amount of $1,500,000.00 on behalf of himself and his family. (Id. at ¶ V).

Although not explicitly stated by Plaintiff, it appears that he seeks to be compensated for emotional injuries incurred as a result of not being able to attend his father's funeral and Defendant's alleged failure to inform his family where he was being held. Title 42 U.S.C. § 1997e(e) provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." See Napier v. Preslicka, 314 F.3d 528, 531-32 (11th Cir. 2002) ("action barred by § 1997e(e) is barred only during the imprisonment of the plaintiff; therefore, such action should be dismissed without prejudice by the district court")[1]; see also Todd v. Graves, 217 F. Supp. 2d 958, 961-62 (S.D.

---

[1] There does not appear to be any controlling authority addressing the question of whether an inmate has a constitutional right to attend a family member's funeral. However, in dicta, the Napier Court listed an Arizona

4

Iowa 2002) (prisoner's claim for damages as a result of emotional injuries suffered because he was not permitted to attend he mother's funeral barred by § 1997e(e)); Yeldon v. Ekpe, 159 Fed. Appx. 314, 316 (2d Cir. 2005) (same) (unpublished opinion). Consequently, pursuant to Napier, this action should be dismissed without prejudice.

III.  Conclusion

For the reasons given,

**IT IS ORDERED** that Plaintiff's civil action [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**. For the purpose of dismissal only, Plaintiff's request for leave to file this action in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS SO ORDERED**, this 27th day of May, 2008.

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

---

prisoner's suit alleging a denied constitutional right on the basis that he "wasn't allowed to attend his father's funeral" as an example of a frivolous prisoner suit which the passage of the Prisoner Litigation Reform Act was intended to curtail. Napier, 314 F.3d at 538.

5